E-FILED
Monday, 02 November, 2020  03:24:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLIANA REALTY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01165-JES-JEH |
| ) | |
| MATTHEW F. WHEBBE and ) | |
| PINK DOGWOOD I, LLC, ) | |
| ) | |
| Defendants and ) | |
| Counterclaim Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ILLIANA REALTY, LLC, JERRY L. GIBBS, ) | |
| and WILLIAM J. CRABTREE, ) | |
| ) | |
| ) | |
| Counterclaim Defendants.) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Plaintiff and Counterclaim Defendant Illiana Realty, LLC and Counterclaim Defendants Jerry L. Gibbs and William J. Crabtree's Motion To Dismiss for Failure to State a Claim (Doc. 24) against Defendant and Counterclaim Plaintiffs' Amended Counterclaim (Doc. 23). Within the Motion to Dismiss (Doc. 24) Illiana Realty, LLC also argues to strike affirmative defenses from Defendants' Answer to Amended Complaint (Doc. 23). Defendants and Counterclaim Plaintiffs have filed a Memorandum in Opposition (Doc. 26). For the following reasons, Plaintiff and Counterclaim Defendants' Motion to Dismiss is DENIED and Plaintiff's Motion to Strike is GRANTED IN PART.

## BACKGROUND

This dispute arises from a contract concerning real property. On March 18, 2020, Allied Big R Stores, LLC and Illiana Realty, LLC filed suit against Tea Olive I, LLC, Tea Olive, LLC, Citibank, N.A., Matthew F. Whebbe, and Pink Dogwood I, LLC in the Illinois Circuit Court of Peoria County alleging breach of contract. *See* Doc. 1-1. On April 17, Defendants removed the case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. §§ 1332(a) and 1446. *See* Doc. 1. On May 8, 2020, Defendants filed an Answer and Counterclaim. *See* Doc. 5. Plaintiffs filed a Joint Motion for Partial Dismissal on August 17, 2020, which this Court granted. Defendants Allied Big R. Stores, LLC, Central Big R Stores, Inc., Watseka Rural King Supply, Inc., Citibank N.A., Tea Olive I, LLC, and Tea Olive, LLC were all dismissed from this action. *See* Text Order, Aug. 20, 2020. Thus, only Illiana Realty, LLC (Illiana) remains as a Plaintiff, and Jerry L. Gibbs and William L. Crabtree remain as Counterclaim Defendants along with Illiana, LLC. Matthew F. Whebbe and Pink Dogwood I, LLC remain as Defendants and Counterclaim Plaintiffs. Plaintiff Illiana, LLC filed an Amended Complaint. *See* Doc. 22. Defendants Whebbe and Pink Dogwood, LLC filed a Joint and Separate Answer to the Amended Complaint and Amended Counterclaim in response to the Amended Complaint. *See*. Doc. 23.

On September 8, 2020 Counterclaim Defendants Crabtree, Gibbs, and Illiana Realty, LLC filed a Motion to Dismiss for Failure to State a Claim against the Amended Counterclaim. *See* Doc. 24. Within that Motion, Illiana, LLC also moves to strike affirmative defenses from Defendants' Answer to Amended Complaint. *Id.* Counterclaim Defendants argue that the Amended Counterclaim should be dismissed because this Court will necessarily rule on the same issues in deciding Plaintiff's Amended Complaint. Doc. 25, at 6. Thus, "it is inappropriate for a

defendant to file a counterclaim for declaratory judgement in response to a complaint, where resolution of the complaint would also resolve the issues in the counterclaim." *Id.* at 4. Illiana, LLC argues that this Court should strike all of Defendants' Affirmative Defenses because they are inadequately pled and that the "First, Fourth, Seventh, and Eighth" affirmative defenses are not affirmative defenses at all under applicable law. *Id.* at 8.

Defendants respond that the Motion to Dismiss should be denied because their counterclaim "seeks declaratory relief that would not be afforded the Defendants if they prevailed" on the Plaintiff's claims alone. Doc. 26, at 3. Additionally, Defendants argue that their Affirmative Defenses are properly pled under Seventh Circuit precedent. *Id.* at 5. For their Affirmative Defenses, Defendants allege the following:

> **First Affirmative Defense:** Plaintiffs' (*sic*) Amended Complaint fails to state a claim upon which relief may be granted.[1]

> **Second Affirmative Defense:** Plaintiffs' claims are barred, in whole or in part, as a result of their own breaches, prior material breaches, and/or default of contractual obligations.

> **Third Affirmative Defense:** Plaintiffs' claims are barred under the doctrines of unclean hands, waiver and estoppel, and/or by their breach of the implied covenant of good faith and fair dealing.

> **Fourth Affirmative Defense:** Any damages incurred by Plaintiffs (*sic*) were caused by Plaintiffs' own actions or inactions.

> **Fifth Affirmative Defense:** Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

> **Sixth Affirmative Defense:** Plaintiffs' claims are barred or limited, in whole or in part, because Defendants acted in good faith at all relevant times.

> **Seventh Affirmative Defense:** Plaintiffs' claims are barred, in whole or in part, by the contracts between the parties and by the contractual remedies and limitations contained in the parties' contracts.

---

[1] Here Defendants write "plaintiffs'" with the apostrophe after the final "s." Grammatically, this implies multiple plaintiffs. However, at this point in the case, there is only one plaintiff, Illiana. Thus, the *sic*. This error is consistent throughout the Affirmative Defenses though not noted with a *sic* every time.

**Eighth Affirmative Defense:** Plaintiffs' claims are barred, in whole or in part, because Defendants satisfied and did not breach any contractual or legal duties they had to Plaintiffs.

Doc. 23, at 5-6.

LEGAL STANDARD

## I. Standard for Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The legal standards which apply to a plaintiff's claim also apply to a counterclaim. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

## II. Standard for Motion to Strike Affirmative Defenses

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A court enjoys substantial discretion under Rule 12(f), but that discretion must take note of the overarching principle that Rule 12(f) motions are seldom granted and generally viewed

4

with disfavor because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic. *Riemer v. Chase Bank*, *N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011). A motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact, especially where there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed. *Riemer*, 275 F.R.D. at 494. It is only when the defense on its face is patently frivolous or clearly invalid, that Rule 12(f) requires that it be stricken, and that generally occurs only if it appears that the defendant cannot succeed under any set of facts that appear in or which may fairly be inferred from the defendant's pleading. *Riemer*, 275 F.R.D. at 494.

"The Seventh Circuit has identified two ways to determine whether a defense not specifically enumerated in Rule 8(c) is an affirmative defense: (a) if the defendant bears the burden of proof under state law, or (b) if it does not controvert the plaintiff's proof." *Ford v. Psychopathic Records, Inc.*, No. 12-CV-0603- MJR-DGW, 2013 WL 3353923, at *7 (S.D. Ill. July 3, 2013) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)).

**DISCUSSION**

## I. Motion to Dismiss the Amended Counterclaim

The Plaintiff and other Counterclaimant Defendants ask the Court to Dismiss the Amended Counterclaim because once this Court rules on the Plaintiff's claim, the Court would necessarily have solved any dispute brought forward in the Counterclaim. Doc. 25, at 6. Defendants claim that this is not the case. Their Counterclaim included parties not otherwise included in the dispute. Doc. 26, at 2. Further, they argue the Court should find that because of Counterclaimant Defendants' "failure to complete a 'Lot Split' . . . the REPA II was terminated as

to that property and Defendants have no further obligations to any of the REPA II Sellers concerning the McHenry Property." *Id.* at 2-3.

Plaintiff's Amended Complaint alleges one Count, Breach of Contract. Doc. 22, at 5-7. Within that Count, they argue that REPA II is an enforceable contract, that they performed all their obligations, and that they have been damaged by Defendants' actions. *Id.* They ask for monetary relief. Within Defendants' Amended Counterclaim, they allege that REPA II was a valid contract, that Plaintiff and Counterclaim Defendants breached contract, and that they are damaged by the uncertainty brought about by the dispute. They ask the Court for relief by declaring not only that they, the Defendants and Counterclaim Plaintiffs, did not breach the contract, but also clarification on the remainder of their legal obligations. Doc. 23, at 11-12.

Courts regularly dismiss duplicative counterclaims. *See e.g. Penn Mut. Life Ins. Co. v. GreatBanc Trust Co.*, No. 09 C 6129, 2010 WL 2928054, at *5 (N.D. Ill. July 21, 2010); *Strategic Capital Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, No. 10-2062, 2014 WL 12734758 (C.D. Ill. Aug. 20, 2014); *see also* No. 10-CV2062, 2014 WL 12736155 (C.D. Ill. Sept. 12, 2014).

Plaintiff and Counterclaim Defendants argue that *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC* applies here because it shows that the Counterclaim serves no useful purpose and thus should be dismissed. Doc. 25, at 3-4. However, *Sarkis* is not the support Counterclaim Defendants hope it to be. The court in *Sarkis* also remarked, "Defendant's counterclaim . . . may potentially afford Defendant different or additional relief than a finding of invalidity alone, the claim is not duplicative of Defendants' trademark invalidity defense." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014) (citation omitted). The case is similar here. While it is not certain what will occur in discovery, the counterclaim *may*

*potentially afford* different and additional relief as opposed to if the Court ruled on Plaintiff's claims alone. The door to additional relief should not be closed at this point in the proceedings based on the available facts.

## II. Motion to Strike Affirmative Defenses

The Plaintiff here asks the Court to strike the Defendants' Affirmative Defenses for one of two reasons: 1. the Defendants failed to plead their affirmative defenses properly under general pleading standards which require some factual basis for the claim and 2. the Affirmative Defenses 1, 4 ,7 and 8 specifically fail because they are not affirmative defenses under applicable law. Doc. 25, at 8.

## 1. *Twombly-Iqbal* Pleading Standards for Affirmative Defenses

All parties have acknowledged that the Seventh Circuit has not addressed if pleading standards as addressed in *Twombly* and *Iqbal* apply to affirmative defenses. *See* Doc. 25, at 4; *see also* Doc. 26, at 6. Many district courts within the Seventh Circuit have come down in favor of applying the *Twombly* and *Iqbal* standards to affirmative defenses. *See e.g. ADT Sec. Servs., Inc. v. Lisle–Woodridge Fire Prot. Dist.*, 973 F.Supp.2d 842, 848, 2014 WL 437135, at *4 (N.D. Ill. 2014) (dismissing an affirmative defense for failing "to plead sufficient facts with the 'plausibility' demanded by the *Twombly–Iqbal* duo"); *Shield Tech. Corp. v. Paradigm Positioning, LLC*, No. 11 C 6183, 2012 WL 4120440 at *8 (N.D. Ill. 2012) (adopting the "majority view that *Twombly* and *Iqbal* apply to affirmative defenses"); *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014) (applying the prior precedent to also conclude that the *Twombly* and *Iqbal* standards apply to affirmative defenses.) Courts in this District have ruled similarly. *See e.g. Makeda-Phillips v. White*, No. 12-3312, 2014 WL 7450078 (C.D. Ill. Dec. 30, 2014) (seemingly supporting using the *Twombly* and *Iqbal* standards

though claiming it makes little difference); *Viewweg v. Sirius XM Radio, Inc.*, No. 17-3140, 2018 WL 305318 (C.D. Ill. Jan. 5, 2018) (applying the factual standards from *Twombly* and *Iqbal*). However, courts in this District have also looked for evidence of prejudice in order to strike affirmative defenses when circumstances indicated that discovery may solve the issues.

> More than five months remain before discovery closes in this case. The case's progression through discovery may make the dispute over the Affirmative Defenses entirely moot. Moreover, as for this case's progression, the Plaintiff does not identify how it is prejudiced by the inclusion of the Defendants' Affirmative Defenses at this stage. Without any indication of prejudice to the Plaintiff and no certainty that the Plaintiff will succeed despite any state of facts which can be proved in support of the Defendant's Affirmative Defenses and are inferable from the pleadings, the Plaintiff is not entitled to his requested relief.

*Pers. v. Heartland Employment Servs., LLC,* No. 1:14-CV-01297, 2014 WL 6980572, at *1 (C.D. Ill. 2014). Taking these rulings into account, this Court is not ruling on if *Twombly* and *Iqbal* ought to apply in all affirmative defenses. However, the standards taken from the above cases, namely that a pleading must have some factual basis to raise the complaint from the possible to the plausible, can still be usefully applied in this case. As long as it does not appear to be a dilatory tactic, an attempt to get the Court to decide prematurely an issue of law or fact, or is brought forward in the midst of limited discovery, there is reason to entertain a motion to strike where the affirmative defenses fail on their face. There has not been much discovery yet in this case, but some of the affirmative defenses are so thinly pled that entertaining the Motion to Strike seems consistent with these standards.

 *Viewweg v. Sirius XM Radio, Inc.* is insightful for this case. In *Viewweg*, the Court found that defenses very similar to some of those of this case should be stricken. No. 17-3140, 2018 WL 305318, at *2-3. For example, the Fourth Affirmative Defense in this case reads. "Any damages incurred by Plaintiffs were caused by Plaintiffs' own actions or inactions." Doc. 23, at 5. One provision which the court struck in *Viewweg* read similarly, "Plaintiff's own actions

caused or contributed to cause any damages alleged in the Complaint, by reason of which, recovery is barred." *Viehweg*, No. 17-3140, 2018 WL 305318, at *2-*3. The Court in *Viehweg* ruled that affirmative defense pleadings such as this "fail to contain any factual allegations in support of the proposed defense." *Id.* at *3. Note the use of the word "any." While this Court agrees with other courts in this District that some factual basis is needed, it takes time to clarify that it does not need to be a very specific one. This is the case under *Iqbal*; "A complaint need not allege specific facts." *Iqbal*, 556 U.S. at 678. There needs to be some level of factual claim, but it need not be specific.

Using this standard and other previously listed cases as a guide, this Court finds that Defendants' first, second, fourth, sixth, seventh, and eighth affirmative defenses fail to present any factual basis to support their claims. They are insufficient on their face to put the Plaintiff on notice what is at issue, even at this early stage in discovery.

The First Affirmative Defense merely states the Plaintiff fails to state a claim with no basis as to why that is the case. It fails to support the claim at all.

The Second Affirmative Defense offers no factual basis for its claims.

The Third Affirmative Defense offers enough information that the Plaintiff and Counterclaim Defendants are on notice to the general nature of the claim because waiver and estoppel imply in and of themselves a consistent type of activity along the lines already at issue in the case. That is what estoppel is. ESTOPPEL, Black's Law Dictionary (11th ed. 2019). It is not specific, but it sufficient in this case to put Plaintiff on notice that their prior activity relative to this contract is in question in this case.

The Fourth Affirmative Defense fails to assert any factual basis for its claim.

The Fifth Affirmative Defense, while short, is procedural and evident on its face. The Plaintiff is on clear notice that the timeline of the case is at issue here.

The Sixth Affirmative Defense offers no factual basis for their claim, merely stating that the undefined actions of the Defendants were in good faith.

The Seventh Affirmative Defense offers no facts to support its claim, merely stating that the contract bars recovery.

The Eighth Affirmative Defense also offers no facts to put the Plaintiff on notice.

However, Federal Rule of Civil Procedure 15(a) gives the Court the ability to grant leave to amend if justice so requires. *See* Fed. R. Civ. P. 15(a). The Court finds that justice does require leave to amend in this case. Motions to strike are strongly disfavored. Courts in this District have found that extended periods of discovery or evidence of actual prejudice towards the impacted party can go against a motion to strike. *Heartland Employment Servs., LLC,* No. 1:14-CV-01297, 2014 WL 6980572, at *1. In this case, there is ample time for discovery and little evidence of prejudice towards the Plaintiff if the Court does not strike the affirmative defenses. While the Court is granting part of the Motion to Strike, the Defendants should be given time to amend their affirmative defenses to include a factual basis for the claims. However, as will be discussed below, some of the affirmative defenses have one more hurdle to cross and fail to do so.

**2. Plaintiff's claim that some Affirmative Defenses are not Affirmative Defenses**

Additional to claiming they fail the pleading standards, Plaintiff alleges that the First, Fourth, Seventh, and Eighth Affirmative Defenses are not proper "'affirmative defenses' under applicable law." Doc. 25, at 8. The Seventh Circuit has given guidance on how to define affirmative defenses. "This Court has identified two approaches to determine whether a defense not specifically enumerated in Rule 8(c) is an affirmative defense: a defense is an affirmative

defense if (a) "if the defendant bears the burden of proof" under state law, or (b) "if it [does] not controvert the plaintiff's proof." *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (citation omitted).

It appears that none of the Affirmative Defenses in question are listed in Rule 8(c). *See* Fed. R. Civ. P. 8(c). Therefore, the Seventh Circuit's identifications are useful.

The First Affirmative Defense merely controverts the Plaintiff's proof; thus, it is not an affirmative defense. The First Affirmative Defense reads "Plaintiffs'(*sic*) Amended Complaint fails to state a claim upon which relief may be granted." Doc. 25, at 5. This offers nothing new to the issues at hand. It merely controverts the Plaintiff's proof.

The Fourth Affirmative Defense and Seventh Affirmative Defense both meet the standard put forward by the Seventh Circuit for the purposes of this motion. The Fourth Affirmative Defense reads, "Any damages incurred by Plaintiffs were caused by Plaintiffs' own actions or inactions," and the Seventh reads, "Plaintiffs' claims are barred, in whole or in part, by the contracts between the parties and by the contractual remedies and limitations contained in the parties' contracts." Doc. 23, at 5. Though not artfully pled, the Court believes, reading liberally in favor of the Defendants, that there are multiple possibilities for the Fourth and Seventh Affirmative Defenses to meet the standards outlined above. It is possible, though unclear, if the Defendants are arguing tortuous interference with contract which, under Illinois Law, is for the Defendant to prove. *See Roy v. Coyne*, 259 Ill. App. 3d 269, 279, 630 N.E.2d 1024, 1031 (1994). While not as clear as they could be, it appears those two defenses are asserting new claims that the Defendants intend to prove.

Finally, the Eighth Affirmative Defense also controverts the Plaintiff's proof. The Plaintiff claims that the Defendants breached the contract. Doc. 22, at 5. The Defendant here

11

argues they did not breach the contract. Doc. 23, at 6. Thus, it is not an affirmative defense. Therefore, the First and Eighth Affirmative Defenses should be stricken.

## CONCLUSION

For the reasons set forth above, the Plaintiff and Counterclaim Defendants' Motion (Doc. 24) to Dismiss is DENIED and the Plaintiff's Motion (Doc. 24) to Strike Affirmative Defense is GRANTED IN PART. The First and Eighth Affirmative Defenses are stricken with no leave to amend. The Court grants Counterclaim Plaintiffs leave to amend the Second, Fourth, Sixth, and Seventh Affirmative Defenses to include any factual basis to support the claim. The Third and Fifth are sufficient and need no revision. The Counterclaim Plaintiffs have 21 days to amend the defenses.

Signed on this 2nd day of November, 2020.

s/ James E. Shadid
James E. Shadid
United States District Judge